INGRAHAM, P. J., LAUGHLIN, MILLER and DOWLING, JJ., concurred.

Judgment reversed and new trial granted, costs to appellant to abide event.

---

ANDREW W. KAULBACH and OSCAR C. WHEELER, Appellants, *v.* KNICKERBOCKER TRUST COMPANY, Respondent.

First Department, December 15, 1911.

Mortgage — refusal of trustee to cancel trust mortgage — party — action by persons not party to mortgage or beneficiaries.

One having merely contracted with persons who claim to be owners of the franchises and property of a railroad company, to create a syndicate to reorganize it, cannot maintain an action against a trustee under a mortgage made by the railroad company to secure its bonds to recover damages alleged to have been caused by the refusal of the trustee to cancel the mortgage and to deliver the bonds secured by it, as directed by a resolution of the directors of the railroad. This, because the refusal

to cancel the bonds, if wrongful, was either a breach of contract or a breach of duty as trustee, and for these breaches only the other party to the trust deed or the beneficiaries thereunder can bring action.

APPEAL by the plaintiffs, Andrew W. Kaulbach and another, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 5th day of July, 1911, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining the defendant's demurrer to the amended complaint.

*H. Melville Walker*, for the appellants.

*Herbert Barry*, for the respondent.

Judgment affirmed, with costs, with leave to plaintiffs to amend on payment of costs, on opinion of LEHMAN, J.

Present — INGRAHAM, P. J., LAUGHLIN, CLARKE, SCOTT and MILLER, JJ.

The following is the opinion delivered at Special Term:

LEHMAN, J.:

The complaint alleges that the defendant is a trustee for the purpose of issuing and certifying to the issue of $4,000,000 worth of bonds under a mortgage executed by the Toledo, Marshall and Northern Railroad Company. After the execution of the mortgage, the acceptance by the defendant of the trust thereunder and the deposit with the defendant of the bonds for the purpose of having the same issued and certified, the plaintiffs entered into a contract with two other parties, describing themselves as the owners of the franchises and property of the Toledo, Marshall and Northern Railroad Company, whereby they formed themselves into a syndicate for the purpose of reorganizing, financing and constructing the railroad of the said company, and the plaintiffs arranged to extend, reorganize, finance and construct said railroad and to increase its bond issue from $4,000,000 to $4,840,000, due notice of which change and reorganization was given to the defendant. The Toledo, Marshall and Northern Railroad Company duly passed a resolution directing its directors to take all necessary steps to have the trust deed to the Knickerbocker Trust

Company canceled and declared void, and the directors passed a resolution directing the Knickerbocker Trust Company to cancel and declare void the trust deed and mortgage, and to satisfy the said mortgage and to deliver the deed and bonds deposited with it, and the president of the company was directed to serve a copy of the resolution upon the defendant, and the plaintiffs, who were then the owners of the $4,840,000 bonds, duly notified the defendant that the company wished to cancel the said mortgage or trust deed, and that if it did not cancel the same and the said $4,000,000 bonds they would hold the defendant liable for all damages they might suffer. The president of the railroad thereafter sent the defendant a copy of the resolution, but the defendant refused to cancel the said mortgage. The complaint then sets forth the damages accruing to the plaintiffs by reason of the failure of the defendant to cancel the mortgage, as directed by the railroad company. It seems to me quite plain that the complaint sets forth no cause of action against the defendant in favor of these plaintiffs. Conceding, without deciding, that the allegations of the complaint sufficiently set forth that the defendant's refusal to cancel the bonds was wrongful, the refusal constituted either a breach of contract or a breach of its duty as trustee, and only the other party to the deed of trust or the beneficiary under the deed can sue the defendant for this wrong. The plaintiffs, however, are strangers to the deed of trust, and their only claim is by virtue of a contract made with other parties to reorganize the railroad. The defendant owes no duty to them; it assumed no duties except to the railroad company, and possibly to the bondholders, and it is not responsible for its acts to these plaintiffs. It does not even appear that these plaintiffs have any rights against the railroad corporation; but even if they have such rights, and these rights were rendered valueless by the wrongful acts of the defendant, they have not been subrogated to the rights of the corporation against the defendant; they can obtain redress only through an action to which the railroad corporation is a party. Demurrer must, therefore, be sustained, with costs, with leave to the plaintiffs to serve an amended complaint within twenty days after notice of entry of interlocutory judgment.